NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――――

No. 15-2372

―――――――――――

UNITED STATES OF AMERICA

v.

DONALD W. MCLAUGHLIN,
                              Appellant

―――――――――――

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1-11-cr-00721-001)
District Judge: Honorable Joseph E. Irenas

―――――――――――

Submitted under Third Circuit LAR 34.1(a)
on March 14, 2016

Before: FUENTES,[**] CHAGARES, and RESTREPO, Circuit Judges

(Filed: September 9, 2016)

―――――――――――

OPINION[*]

―――――――――――

FUENTES, Circuit Judge.

――――――――――――

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
[**] Judge Fuentes assumed senior status on July 18, 2016.

Defendant Donald McLaughlin pled guilty to one count of unlicensed firearms dealing and one count of unlawful possession of a firearm by a felon, and was sentenced to 57 months' imprisonment. He argues that the District Court wrongly denied his motion to withdraw his guilty plea. We disagree and will affirm.

I.

McLaughlin accrued multiple felony convictions between 1996 and 2008. Between May and November 2010, McLaughlin sold prescription drugs and four firearms to a confidential informant. In October 2011, McLaughlin pled guilty to one count of firearms dealing without a federal license and one count of unlawfully possessing firearms as a convicted felon.

At the plea hearing, the District Court questioned McLaughlin's counsel about his competence to plead guilty. Counsel stated that during her time with him, McLaughlin had not appeared to be under the influence of drugs or alcohol or to be suffering from any mental disabilities that would render the sentencing hearing unfair. McLaughlin was placed under oath, after which he testified that he was satisfied with the services of his defense counsel; that any medications he had taken did not affect his mental status; that he understood the charges, sentencing exposure, and rights he was waiving; that he had read the plea agreement multiple times and discussed it with his attorney; and that no one had threatened him, paid him, or promised him anything apart from what was in the agreement in exchange for his plea. McLaughlin admitted the factual basis for the charges against him and at one point corrected a factual error in the District Court's

2

questioning. Following this testimony, the District Court found that McLaughlin was pleading guilty knowingly, voluntarily, and intelligently.

In April 2012, McLaughlin replaced his defense counsel and successfully moved for a competency examination. The competency report concluded, *inter alia*, that McLaughlin "is able to understand the nature and consequences of the proceedings against him and to assist in his defense." The report further stated that McLaughlin "does have mild cognitive impairments but the nature and severity of these deficits do not appear to sufficiently impact his competency-related abilities."

In May 2013, McLaughlin moved to withdraw his guilty plea, asserting for the first time that he was incompetent at the time of the plea hearing because he was experiencing drug withdrawal, grieving his mother's death, and suffering from long-term "psychological issues." He also claimed that his first attorney had coerced him into pleading guilty by claiming that the District Court would view him unfavorably if he raised the issue of his mental competence.

The District Court denied the motion after a hearing. In the course of rendering its decision from the bench, the court reviewed the transcript from the sentencing hearing and recounted McLaughlin's demeanor and comportment at the plea hearing. The District Court noted that McLaughlin had been forthcoming rather than reluctant, and that he had given complete and knowledgeable answers to the court's questions. The court found it "totally unbelievable," given McLaughlin's responsiveness and his willingness to confront his current counsel, that the first attorney could have overborne his will and coerced him into pleading guilty.

In July 2013, the District Court sentenced McLaughlin to two concurrent terms of 57 months' imprisonment. This appeal followed.

## II.[1]

A defendant "is not entitled to withdraw [his] plea simply at his whim."[2] Rather, he must "show a fair and just reason for requesting the withdrawal."[3] This "substantial burden"[4] cannot be met by "[b]ald assertions of innocence" or unsubstantiated allegations that the plea was involuntary.[5] "When determining whether a defendant has shown a 'fair and just reason' for withdrawing a plea, a district court must consider whether: (1) the defendant asserts his innocence; (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal."[6] We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.[7]

With respect to the first factor, McLaughlin did not, and could not, meaningfully assert his innocence.[8] At oral argument on the motion to withdraw, his counsel referred obliquely to the possibility of an entrapment defense. But an entrapment defense requires the defendant to establish government inducement of the crime and a lack of

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.
[2] *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).
[3] Fed. R. Crim. P. 11(d)(2).
[4] *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)
[5] *Jones*, 336 F.3d at 252-255.
[6] *Siddons*, 660 F.3d at 703 (internal quotations omitted).
[7] *Id*.
[8] *See Jones*, 336 F.3d at 252 ("Assertions of innocence must be buttressed by facts in the record that support a claimed defense.") (internal quotations and citation omitted).

4

predisposition on the part of the defendant.[9]  We see nothing in the record that could plausibly permit a jury to conclude that McLaughlin was "induced" to sell firearms to the confidential informant.[10]  Certainly, McLaughlin has offered no evidence of government coercion.  And given McLaughlin's extensive criminal history, it is unlikely in the extreme that he could have established a lack of predisposition to the crime.  The District Court therefore properly determined that McLaughlin could not satisfy the "innocence" element of the withdrawal test.

As to the second factor, McLaughlin has not offered any "strong reasons" justifying withdrawal.  McLaughlin claims that he was not competent at the time he entered the plea, but the only evidence bearing directly on his mental state is the court-ordered evaluation that expressly found him competent one year after the guilty plea.  McLaughlin argues that the evaluation does not necessarily prove his mental state at the time of the plea.  But merely deflecting the evidence against him is insufficient; the burden is on him to furnish contemporaneous evidence that affirmatively proves his mental incompetence.  All we have is the plea hearing transcript and the District Court's recollection of the hearing, both of which confirm that McLaughlin was engaged, cogent, and unhesitant throughout.   Nor is there any reason to credit McLaughlin's related (and entirely unsupported) claim that his attorney coerced him into pleading guilty.   In

---

[9] *United States v. Wright*, 921 F.2d 42, 44 (3d Cir. 1990).

[10] *See*, *e.g.*, PSR ¶ 15 (In a meeting at McLaughlin's residence, McLaughlin showed the informant a shotgun and offered to sell the shotgun and a .22 caliber rifle to him); ¶¶ 21-22 (In a second meeting at McLaughlin's residence, McLaughlin and informant negotiated a price for an MK III rifle); ¶ 23 (McLaughlin offered to sell the informant a sawed-off shotgun).

denying McLaughlin's withdrawal motion, the District Court observed that McLaughlin exhibited no tension with his attorney when giving his plea and had proven himself willing and able to confront his attorney over matters of strategy. Absent extraordinary circumstances, we will not second-guess a trial judge's assessment of a defendant's demeanor or credibility.[11] There is no reason to do so here.

Finally, McLaughlin argues that the government has failed to demonstrate that it would have been prejudiced by a withdrawal of the plea. But "the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea."[12] Because McLaughlin has no credible claim to innocence and has offered insufficient reasons for withdrawal, the District Court did not abuse its discretion in denying his withdrawal motion.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[11] *See Gov't of V.I. v. Berry*, 631 F.2d 214, 220 (3d Cir. 1980) ("The good faith, credibility and weight of a defendant's assertions . . . in support of a motion [to withdraw a guilty plea] are preeminently issues for the hearing court to decide." (internal quotations omitted)).

[12] *Jones*, 336 F.3d at 255.